**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ENGIER VENTURA and STEVEN ROBLES, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>-against-<br><br>PJ NATIONAL NEW YORK, LLC; PJ ELMHURST INC; PJ NATIONAL HOLDINGS, LLC; PJ NATIONAL MANAGEMENT LLC; PJ NATIONAL BROOKLYN, LLC; PJ NATIONAL BRONX, LLC; and JOHN DOE RESTAURANTS 1-40,<br><br>*Defendants*. | No. 23-10787<br><br>**FLSA COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Engier Ventura and Steven Robles ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned attorneys, allege upon personal knowledge as to themselves and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.      Plaintiffs bring this action on behalf of themselves and all similarly situated current and former hourly employees of Defendants PJ National New York, LLC, PJ Elmhurst, Inc., PJ National Holdings LLC, PJ National Management LLC, PJ National Brooklyn LLC, PJ National Bronx, LLC and John Doe Restaurants 1-40 (collectively "Defendants") to recover unpaid wages, overtime compensation, damages, and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 et seq.

2.      Plaintiffs allege that Defendants failed to pay them and other hourly employees proper minimum wages and overtime compensation as required by the FLSA and NYLL.

3.     Plaintiffs further allege that the Papa Johns entities violated the Fair Workweek Law by failing to provide proper advanced notice of schedules, obtain consent for schedule changes, provide schedule change premiums, refrain from clopening shifts, and offer additional shifts to current employees.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

5.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, as they are so related to their FLSA claims as to form part of the same case or controversy.

6.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

7.     Plaintiff Engier Ventura is an adult individual who is a resident of Brooklyn, New York.

8.     Plaintiff Steven Robles is an adult individual who is a resident of Brooklyn, New York.

9.     Plaintiffs were employed as hourly workers by Defendants in New York City during the applicable statutory period.

10.     Plaintiff Ventura worked at Defendants' restaurants located at 868 East Tremont Avenue, Bronx, NY; 1979 Jerome Avenue, Bronx, NY; 362 East 204th Street, Bronx, NY; and a Harlem location.

11.     Plaintiff Robles worked at Defendants' restaurant located at 1011 Broadway, Brooklyn, NY.

12.     Defendant PJ National New York, LLC is a limited liability company organized under the laws of Delaware with its principal executive office at 39 Broadway, Suite 1640, New York, New York. It is a subsidiary of Papa John's International, Inc. that operates Papa John's locations in New York.

13.     Defendant PJ Elmhurst, Inc. is a domestic business corporation organized under the laws of New York with its principal executive office at 306 Melbourne Road, Great Neck, New York. It is a franchisee of Papa John's International, Inc. that operates Papa John's locations in New York.

14.     Defendant PJ National Holdings LLC is incorporated and organized under the laws of Delaware. Its service of process address is 919 N. Market Street, Ste 725, Wilmington, DE, 19801, and its principal place of business located at 712 Fifth Avenue, 27th Floor, New York, New York 10019.

15.     Defendant PJ National Management LLC is a domestic business corporation operating in New York and organized under the laws of New York. Its principal place of business and service of process address is Attn: Aaron Chaus, 712 Fifth Avenue, 27th Floor, New York, New York 10019.

16.     Defendant PJ National Brooklyn LLC is incorporated and organized under the laws of Delaware. Its principal place of business is 529 Stanley Avenue Unit 531, Brooklyn, New York 11207-7719 and its service of process address is 919 N. Market Street, Ste 725, Wilmington, DE, 19801.

17.    Defendant PJ National Bronx, LLC is incorporated and organized under the laws of Delaware. Its service of process address is PO Box 685, Hicksville, NY 11802.

18.    Defendant John Doe Restaurants 1-40 are individual owners of Papa John's restaurants and are subsidiaries of PJ Holdings, LLC and PJ Management, LLC, which operate all its subsidiaries' Papa John's restaurants through common payroll and pay policies.

19.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and  NYLL.

20.    In a single week, Defendants' employees may work at multiple stores as determined by management. Employees assigned to work at different stores do not interview or have to apply for a position with each store. Instead, the centralized management function allows free movement of employees as needed.

21.    Products and supplies and equipment are also shared among the stores and online operations. If a particular item is needed at one store and not in stock, employees can access stock from other stores to fulfill the need.

22.    From a financial standpoint all of the different entities are one and the same. Upon information and belief, they share lines of credit and use one another as support for obtaining larger credit allowances.

23.    The central management has the authority to hire and fire employees across all of the stores and warehouse and online operations.

24.    The central management performs all payroll functions and maintains all payroll records.

25.    In sum, this is a business under centralized management that controls all aspects of the operations of the business, with substantial movement of employees and products

between stores and all operations.

26.    Each entity related to Defendants, individually and jointly, has the power to hire and fire employees like the Plaintiff, and set the conditions of their employment, including where they work; what they do; and how much they are paid.

27.    Defendants are considered a large employer, having at least 11 or more employees during the duration of Plaintiff's employment.

28.    Defendants maintained control, oversight, and direction over Plaintiff and the proposed class in regards to timekeeping, payroll, and other employment practices, and functioned as an employer pursuant to the NYLL.

29.    Defendants, by virtue of ownership, management, and control over the wages and work of Plaintiff and the proposed class, are considered an employer under the NYLL.

30.    Defendants apply the same employment policies, practices, and procedures to all non-exempt workers, including policies, practices, and procedures with respect to its uniform policy and the frequency with which it paid its employees and the way in which it provided them with wage notices and periodic wage statements.

31.    Defendants, by virtue of ownership, management, and control over the wages and work of Plaintiffs, are considered an employer under the NYLL §190(3).

## STATEMENT OF FACTS

32.    Defendants own and operate numerous Papa John's pizza restaurant locations in New York City.

33.    Plaintiffs were employed as hourly workers by Defendants to perform duties that included making deliveries, customer service, preparing food, cleaning, and other similar responsibilities.

34.     Engier Ventura commenced employment with the Defendant in January 2017. The initial place of employment was located at 868 East Tremont Avenue, Bronx, NY, where he rendered services for approximately 2-3 years.

35.     Subsequent to his tenure at the East Tremont Avenue location, Mr. Ventura was employed at 1979 Jerome Avenue, Bronx, NY for approximately two years.

36.     Following his tenure at Jerome Avenue, Mr. Ventura was relocated to work at 362 East 204th Street, Bronx, NY. In addition, he intermittently worked at a separate Harlem location on several occasions.

37.     A few months into his employment, Mr. Ventura's weekly hours increased substantially, with him routinely working between 60-80 hours per week. For the first 40 hours of his workweek, he was compensated via direct deposit. Any hours worked in excess of 40 were remunerated at a rate of $15 per hour, paid in cash.

38.     Mr. Ventura maintained personal records of his employment hours, which have since revealed multiple infractions against him. These records confirm not only violations relating to overtime compensation but also infractions associated with "time shaving." An instance of this malpractice is evidenced when Mr. Ventura, despite being mandated to work from 8 pm to 1 am, was only documented and compensated as having worked until 12 am.

39.     Furthermore, there were numerous occasions where Mr. Ventura worked more than 10 hours in a single day. Despite this, he did not receive the mandated "spread of hours" pay.

40.     In addition to the aforementioned breaches, Mr. Ventura was not reimbursed for work-related expenses incurred during his tenure. He also did not receive the requisite weekly

uniform maintenance compensation, even though he was not provided with a sufficient number of uniform shirts to meet the demands of his weekly shifts.

41.     There were also unjustified wage deductions made from Mr. Ventura's pay, relating to rest and meal breaks. These breaks, which were consistently less than the stipulated 30 minutes, were neither consistently nor regularly scheduled.

42.     Plaintiff Steven Robles, was employed by the Defendants in 2020 at the Brooklyn location situated at 1011 Broadway, Brooklyn, NY.

43.     Mr. Robles' typical workweek ranged between 35-45 hours. He was subject to the same payment policies as Mr. Ventura, leading to a multitude of similar wage and hour violations

44.     Plaintiffs regularly worked over 40 hours per week for Defendants.

45.     The Papa Johns entities failed to provide Plaintiffs with schedules at least 14 days in advance and frequently changed Plaintiffs' schedules without sufficient notice.

46.     The Papa Johns entities failed to obtain Plaintiffs' written consent to schedule changes and work additional hours not included in their initial schedule.

47.     Defendants failed to pay Plaintiffs and other hourly employees proper minimum wages and overtime premiums as required by law.

**COLLECTIVE ACTION ALLEGATIONS**

48.     Plaintiffs bring their FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of a class of all persons employed by Defendants as hourly workers at any time during the applicable statutory period who were not paid proper minimum wages and overtime compensation as required by the FLSA (the "FLSA Collective").

49.     Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the

precise number of such persons is unknown, and the facts upon which the calculation of that

number are presently within the sole control of the Defendants, upon information and belief,

there are more than 30 (30) Collective Action Members who worked for the Defendants during

the Collective Action Period, most of whom would not be likely to file individual suits because

they lack adequate financial resources, access to attorneys, or knowledge of their claims.

Therefore, Plaintiffs submit that this matter should be certified as a collective action under the

FLSA, 29 U.S.C. § 216(b).

50.     Plaintiffs will fairly and adequately protect the interests of the Collective Action

Members and have retained counsel that is experienced and competent in the fields of

employment law and class action litigation. Plaintiffs have no interests that are contrary to or in

conflict with those members of this collective action.

51.     This action should be certified as a collective action because the prosecution of

separate actions by individual members of the class would create a risk of either inconsistent or

varying adjudications with respect to individual members of the class, or adjudications with

respect to individual members of the class that would as a practical matter be dispositive of the

interests of the other members not parties to the adjudication, or substantially impair or impede

their ability to protect their interests.

52.     A collective action is superior to other available methods for the fair and efficient

adjudication of this controversy, since joinder of all members is impracticable. Furthermore, in as

much as the damages suffered by individual Collective Action Members may be relatively small,

the expense and burden of individual litigation make it virtually impossible for the members of

the collective action to individually seek redress for the wrongs done to them. There will be no

difficulty in the management of this action as a collective action.

53.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a.      Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

b.      Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Collective Action Members;

c.      What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.      Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

e.      Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements;

f.      Whether the Defendants failed to pay Plaintiffs and the Collective Action Members at the overtime rate of time and one-half for hours worked in excess of 40 hours per workweek; and

g.      Whether the Defendants failed to pay Plaintiffs and the Collective Action Members minimum wage for all hours worked.

54.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

55.    Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Unpaid Minimum Wages

### (Brought on Behalf of Plaintiffs and the FLSA Collective)

56.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

57.    The Papa John's Defendants are employers covered by the minimum wage provisions set forth in the FLSA. 29 U.S.C. § 206.

58.    Defendants suffered or permitted Plaintiffs and the FLSA Collective to routinely work hours without compensating them at the federal minimum wage for all hours worked in violation of 29 U.S.C. § 206.

59.    Defendants' violations of the FLSA were willful violations within the meaning of 29 U.S.C. § 255(a).

60.    As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act – Unpaid Overtime Wages

### (Brought on Behalf of Plaintiffs and the FLSA Collective)

61.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

62.     The Papa John's Defendants are employers covered by the overtime compensation provisions set forth in the FLSA. 29 U.S.C. § 207.

63.     Defendants suffered or permitted Plaintiffs and the FLSA Collective to routinely work over 40 hours per week without paying them overtime compensation at a rate of one and one-half times their regular hourly wage for hours worked over 40 in a workweek, in violation of 29 U.S.C. § 207.

64.     Defendants' violations of the FLSA were willful violations within the meaning of 29 U.S.C. § 255(a).

65.     As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

### THIRD CAUSE OF ACTION

**New York Labor Law – Unpaid Minimum Wages**

**(Brought on Behalf of Plaintiffs Individually)**

66.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

67.     The Papa John's Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652 and supporting New York State Department of Labor regulations.

68.     Defendants suffered or permitted Plaintiffs to routinely work hours without compensating them at the New York minimum wage rate for all hours worked in violation of the NYLL §§ 650 et seq. and the supporting New York State Department of Labor regulations.

69.     Defendants' failure to pay minimum wages for all hours worked was willful within the meaning of NYLL § 663.

70.     As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the NYLL Class are entitled to liquidated damages, interest, and attorneys' fees and costs incurred in connection with this claim.

### FOURTH CAUSE OF ACTION

**New York Labor Law – Unpaid Overtime Wages**

**(Brought on Behalf of Plaintiffs Individually)**

71.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

72.     The Papa John's Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652 and supporting New York State Department of Labor regulations.

73.     Defendants suffered or permitted Plaintiffs to routinely work over 40 hours per week without paying them overtime compensation at a rate of one and one-half times their regular hourly wage for hours worked over 40 in a workweek, in violation of NYLL §§ 650 et seq. and the supporting New York State Department of Labor regulations.

74.     Defendants' failure to pay overtime compensation for hours worked in excess of 40 per week was willful within the meaning of NYLL § 663.

75.     As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer loss of income and other damages. Plaintiffs are entitled to liquidated damages, interest, and attorneys' fees and costs incurred in connection with this claim.

**FIFTH CAUSE OF ACTION**

**New York Labor Law – Failure to Provide Wage Statements**

**(Brought on Behalf of Plaintiffs Individually)**

76.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

77.     Defendants failed to provide Plaintiffs with complete, accurate, and written wage statements with each payment of wages as required by NYLL § 195(3).

78.     As a result of Defendants' violations of the NYLL, Plaintiffs are entitled to recover statutory damages, costs and attorney's fees from Defendants, pursuant to NYLL § 198(1-d).

**SIXTH CAUSE OF ACTION**

**New York Labor Law – Failure to Provide Wage Notices**

**(Brought on Behalf of Plaintiffs Individually)**

79.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

80.     Defendants failed to provide Plaintiffs at the time of hiring or whenever their rate of pay changed with complete, accurate, and written wage notices containing the information required by NYLL § 195(1).

81.     As a result of Defendants' violations of the NYLL, Plaintiffs are entitled to recover statutory damages, costs and attorney's fees from Defendants, pursuant to NYLL § 198(1-b).

## SEVENTH CAUSE OF ACTION

### New York Labor Law – Unlawful Deductions

### (Brought on Behalf of Plaintiffs Individually)

82.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

83.     Defendants required Plaintiffs to pay for their own tools of the trade and other job-related expenses without reimbursement, causing their wages to fall below the required statutory minimum and overtime wages, in violation of NYLL § 193.

84.     As a result of Defendants' unlawful deductions, Plaintiffs and the NYLL Class suffered damages and are entitled to recover unpaid wages, liquidated damages, interest, and reasonable attorney's fees.

## EIGHTH CAUSE OF ACTION

### New York Labor Law – Failure to Provide Uniform Maintenance Pay

### (Brought on Behalf of Plaintiffs Individually)

85.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

86.     Defendants did not supply Plaintiffs with sufficient uniforms to last the entirety of their workweek, and did not launder or maintain the uniforms.

87.     Defendants were required to pay Plaintiffs weekly uniform maintenance pay at the legally required rate.

88.     Defendants failed to provide the uniform maintenance pay in violation of NYLL §§ 193 and 198 and the supporting regulations.

89.     As a result of Defendants' violations, Plaintiffs are entitled to recover unpaid uniform maintenance pay, liquidated damages, interest, and reasonable attorney's fees.

## NINTH CAUSE OF ACTION

**New York Labor Law – Failure to Pay Spread of Hours Premium**

**(Brought on Behalf of Plaintiffs Individually)**

90.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

91.     Defendants routinely required Plaintiffs to work shifts over 10 hours in length without providing spread of hours pay as required by the NYLL and supporting regulations.

92.     As a result of Defendants' failure to pay spread of hours premiums, Plaintiffs have suffered damages and are entitled to recover their unpaid wages, liquidated damages, interest, and reasonable attorney's fees.

## TENTH CAUSE OF ACTION

**New York City Fair Workweek Law – Failure to Provide Schedules with 14 Days Notice**

**(Brought on Behalf of Plaintiffs Against the Papa Johns Entities)**

93.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

94.     The Papa Johns entities are required to provide Plaintiffs with written work schedules at least 14 calendar days before their first work shift on the schedule. N.Y.C. Admin. Code §§ 20-1201, 20-1221(b)-(c).

95.     The Papa Johns entities failed to provide 14 calendar days' advance notice of employee schedules to Plaintiffs and the Fair Workweek Class as required.

96.     As a result of the Papa Johns entities' violations, Plaintiffs are entitled to an order directing compliance, schedule change premiums for each violation, compensatory damages, and reasonable attorneys' fees pursuant to the Fair Workweek Law.

## ELEVENTH CAUSE OF ACTION

**New York City Fair Workweek Law – Failure to Obtain Consent for Schedule Changes**

**(Brought on Behalf of Plaintiffs Against the Papa Johns Entities)**

97.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

98.     The Papa Johns entities are required to obtain written consent from Plaintiffs whenever their schedules are changed from the regular schedule. N.Y.C. Admin. Code § 20-1221(d).

99.     The Papa Johns entities changed Plaintiffs' schedules without obtaining their written consent in violation of the Fair Workweek Law.

100.    As a result of the Papa Johns entities' violations, Plaintiffs are entitled to an order directing compliance, schedule change premiums for each violation, compensatory damages, and reasonable attorneys' fees pursuant to the Fair Workweek Law.

## TWELFTH CAUSE OF ACTION

**New York City Fair Workweek Law – Failure to Pay Schedule Change Premiums**

**(Brought on Behalf of Plaintiffs Against the Papa Johns Entities)**

101.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully set forth herein.

102.    The Papa Johns entities are required to pay schedule change premiums to fast food employees ranging from $10 to $75 per schedule change when schedules are changed

without at least 14 days' notice.  N.Y.C. Admin. Code § 20-1222(a); Rules of City of N.Y. §
7-606(b).

103.    The Papa Johns entities failed to pay the schedule change premiums to Plaintiffs
as required by the Fair Workweek Law.

104.    As a result of the Papa Johns entities' violations, Plaintiffs are entitled to an order
directing compliance, unpaid schedule change premiums, compensatory damages, and
reasonable attorneys' fees pursuant to the Fair Workweek Law.

## THIRTEENTH CAUSE OF ACTION

**New York City Fair Workweek Law – Failure to Pay Clopening Premiums**

**(Brought on Behalf of Plaintiffs Against the Papa Johns Entities)**

105.    Plaintiffs reallege and incorporate by reference all preceding paragraphs as if fully
set forth herein.

106.    The Papa Johns entities are prohibited from requiring fast food employees to work
clopening shifts without obtaining written consent and paying a $100 premium for each
clopening shift worked. N.Y.C. Admin. Code § 20-1231.

107.    The Papa Johns entities required Plaintiffs to work clopening shifts without
obtaining their written consent and without paying the $100 premium in violation.

108.    For required clopenings, The Papa Johns entities are required to maintain records
showing that they obtained written consent from the employee, and records of premium pay that
they provided to the employee. N.Y.C. Admin. Code § 20-1206(a); 6 R.C.N.Y. §§ 7-609(a)(1)(ii)
and 609 (a)(2)(ii).

109.     A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true. N.Y.C. Admin. Code § 20-1206(b).

110.     The Papa Johns entities committed a violation of Section 20-1231 of the Fair Workweek Law each time they failed to obtain written consent from an employee who worked a clopening.

111.     The Papa Johns entities committed a violation of Section 20-1231 of the Fair Workweek Law each time they failed to pay $100 in premium pay to an employee who worked a clopening.

112.     As a result of the Papa Johns entities violations of Section 20-1231 of the Fair Workweek Law, Plaintiff and the Fair Workweek Law Class are entitled to: (1) an order directing compliance; (2) unpaid premiums of $100 for each violation; (3) compensatory damages and any other relief required to make the employee whole; and (4) reasonable attorney's fees.

### FOURTEENTH CAUSE OF ACTION

**Fair Workweek Law**

**Failure to Offer Newly Available Shifts to Existing Employees (Brought on behalf of Plaintiffs Individually)**

113.     Plaintiffs, on behalf of themselves, reallege and incorporate by reference all allegations in all preceding paragraphs.

114.     The Papa Johns entities are required to notify its current employees about newly available shifts and offer them those shifts before hiring any new employees. N.Y.C. Admin. Code § 20- 1241.

115.    The Papa Johns entities are required to maintain records that document their compliance with the Fair Workweek Law for three years. N.Y.C. Admin. Code § 20-1206(a). A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true. N.Y.C. Admin. Code § 20-1206(b).

116.    The Papa Johns entities committed a unique violation of Section 20-1241 of the Fair Workweek Law each time they failed to offer a current employee the shifts it subsequently offered to a new hire in the same Shake Shack location.

117.    As a result of the Papa Johns entities' violations of Section 20-1241 of the Fair Workweek Law, Plaintiffs are entitled to: (1) an order directing compliance; (2) compensatory damages and any other relief required to make the employee whole; and (3) reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

1.  That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly workers in New York State, and of their right to join this lawsuit if they belief they were denied proper wages;

2.  An award for unpaid overtime and minimum wage compensation due under the FLSA and New York Labor Law;

3.  An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

4.  An award of liquidated damages as a result of Defendants' failure to pay overtime, minimum wage, and spread of hours pay compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

5.  An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

6.  Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

7.  Designation of Plaintiffs as representatives of the FLSA Collective and counsel of record as Counsel of the FLSA Collective;

8.  An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

9.  An award of prejudgment and post-judgment interest;

10. A declaratory judgment that the practices complained of herein are unlawful under the Fair Workweek Law;

11. Unpaid schedule change premiums;

12. Compensatory damages and any other relief required to make the employees whole;

13. Appropriate equitable and injunctive relief to remedy Shake Shack's violations of the Fair Workweek Law, including but not limited to an order enjoining Shake Shack from continuing its unlawful practices;

14. Such other and further relief as this Court determines to be just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to FRCP 38 the Plaintiffs demand trial by jury on all issues.


Dated:   New York, NY                    **LAW OFFICE OF MOHAMMED GANGAT**
         December 12, 2023

                                         _____
                                         Mohammed Gangat, Esq.,
                                         675 Third Avenue, Suite 1810,
                                         New York, NY 10017
                                         718-669-0714
                                         mgangat@gangatpllc.com

                                         *Attorneys for Plaintiffs and the FLSA Proposed*
                                         *Collective*