UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENGIER VENTURA and STEVEN ROBLES, on behalf of themselves and all others similarly situated,

                Plaintiffs,

-against-

PJ NATIONAL NEW YORK, LLC; PJ ELMHURST INC; PJ NATIONAL HOLDINGS, LLC; PJ NATIONAL MANAGEMENT LLC; PJ NATIONAL BROOKLYN, LLC; PJ NATIONAL BRONX, LLC; and JOHN DOE RESTAURANTS 1-40,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/18/2023_

23 Civ. 10787 (AT)

**INITIAL PRETRIAL SCHEDULING ORDER**

ANALISA TORRES, District Judge:

    This case has been assigned to me for all purposes. Counsel for all parties are directed to to submit a joint letter and a jointly proposed Case Management Plan and Scheduling Order by **February 20, 2024**, in accordance with Rule 16 of the Federal Rules of Civil Procedure and the instructions set forth below.

    This Court is participating in a **Pilot Program for Initial Discovery Protocols for Employment Cases Alleging Adverse Action**, initiated by the Advisory Committee on Federal Rules of Civil Procedure, available at https://www.fjc.gov/sites/default/files/2012/DiscEmpl.pdf. The Initial Discovery Protocols will apply to all employment cases pending in this Court that challenge one or more actions alleged to be adverse, except:

    (1) Class actions;

    (2) Cases in which the allegations involve <u>only</u> the following:

        a. Discrimination in hiring;
        b. Harassment/hostile work environment;
        c. Violations of wage and hour laws under the Fair Labor Standards Act (FLSA);
        d. Failure to provide reasonable accommodations under the Americans with Disabilities Act (ADA);
        e. Violations of the Family Medical Leave Act (FMLA); or
        f. Violations of the Employee Retirement Income Security Act (ERISA).

    Parties and counsel in the Pilot Program shall comply with the Initial Discovery Protocols attached to this Order. If any party believes that there is good cause why this particular case should be exempted from the Initial Discovery Protocols, in whole or in part, that party may raise the issue

with the Court in accordance with the Court's Individual Practices in Civil Cases, which are available at https://nysd.uscourts.gov/hon-analisa-torres.

Within 30 days following Defendants' submission of a responsive pleading or motion, the parties shall provide to one another the documents and information described in the Initial Discovery Protocols for the relevant time period. This obligation supersedes the parties' obligations to provide initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. The parties shall use the documents and information exchanged in accordance with the Initial Discovery Protocols to prepare the Rule 26(f) discovery plan.

The parties' responses to the Initial Discovery Protocols shall comply with the Federal Rules of Civil Procedure obligations to certify and supplement discovery responses, as well as the form of production standards for documents and electronically stored information. As set forth in the attached Protocols, this Initial Discovery is not subject to objections, except upon the grounds set forth in Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure.

In addition, counsel are directed to confer with each other prior to the document submission deadline regarding settlement and each of the other subjects to be considered at a Rule 16 conference. Additionally, in accordance with Paragraph II.B of the Court's Individual Practices, the parties shall submit via e-mail (Torres_NYSDChambers@nysd.uscourts.gov) a Proposed Civil Case Management Plan and Scheduling Order no later than **February 20, 2024.** The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is also available at https://nysd.uscourts.gov/hon-analisa-torres.

Included with the Proposed Civil Case Management Plan and Scheduling Order, the parties shall jointly submit a letter, not to exceed five (5) pages, providing the following information in separate paragraphs:

(1)  A brief statement of the nature of the action and the principal defenses thereto;

(2)  A brief explanation of why jurisdiction and venue lie in this Court;

(3)  A statement of all existing deadlines, due dates, and/or cut-off dates;

(4)  A brief description of any outstanding motions;

(5)  A brief description of any discovery that has already taken place, including discovery pursuant to the Initial Discovery Protocols, and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(6)  A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any; and

(7)  Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit such letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket.

In accordance with the Court's Individual Practices, requests for an extension shall be made in writing and filed on ECF as letter-motions, and must be received at least 48 hours before the deadline. The written submission must state: (1) the word "Scheduling" in the subject line; (2) the original date(s); (3) the number of previous requests for extension; (4) whether these previous requests were granted or denied; and (5) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent.  Unless counsel are notified that the deadline has been extended, the documents will be due as scheduled.

**Counsel who have noticed an appearance as of the issuance of this order are directed: (1) to notify all other parties' attorneys in this action by serving upon each of them a copy of this order and the Court's Individual Practices forthwith, and (2) to file proof of such notice with the Court.**  If unaware of the identity of counsel for any of the parties, counsel receiving this order must forthwith send a copy of this order and the Court's Individual Practices to that party personally.

SO ORDERED.

Dated: December 18, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge