UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENGIER VENTURA and STEVEN ROBLES, on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

PJ NATIONAL NEW YORK, LLC; PJ ELMHURST INC; PJ NATIONAL HOLDINGS, LLC; PJ NATIONAL MANAGEMENT LLC; PJ NATIONAL BROOKLYN, LLC; PJ NATIONAL BRONX, LLC; and JOHN DOE RESTAURANTS 1-40,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/23/2026_____

23 Civ. 10787 (AT) (RFT)

**ORDER**

ANALISA TORRES, District Judge:

By order dated October 15, 2025, the Court noted that the parties had informed the Court that the case was "in [the] preliminary stages" of arbitration and ordered the parties to file a status update by November 15, 2025. *See* ECF No. 29 (quoting ECF No. 28). Having received no submission, on November 19, 2025, the Court *sua sponte* extended the parties' deadline to file a joint status update to December 18, 2025. *See* ECF No. 30. On December 19, 2025, the Court *sua sponte* extended this deadline to January 9, 2026, because it had again received no submissions from the parties. *See* ECF No. 31. The Court reminded the parties that "failure to comply with the Court's orders may result in the Court's dismissal of the action under Federal Rule of Civil Procedure 41(b)." *Id.*; *see also* ECF No. 30 (stating the same on November 19, 2025).

The parties then filed a status update on January 12, 2026—after the January 9, 2026 deadline—informing the Court that the parties had "reached an agreement in principle and are currently engaged in finalizing the terms of a written agreement." ECF No. 32. The Court then ordered the parties to file a further status update concerning their contemplated settlement by February 12, 2026. *See* ECF No. 33.

On February 13, 2026, having received no submissions, the Court *sua sponte* extended the deadline for the parties to file their settlement status update to February 19, 2026, and again reminded the parties that failure to comply with court orders "may result in the Court's dismissal of the action under Federal Rule of Civil Procedure 41(b)." ECF No. 34. The parties then filed their status update on February 19, 2026, which informed the Court that "we will provide a further status update to the Court within thirty (30) days, by which time we expect the [settlement] agreement to be fully executed." ECF No. 35.

The Court then ordered the parties to file a status update by March 23, 2026, noting that the parties had repeatedly failed "to submit status updates by Court-ordered deadlines," that no extension

of the March 23, 2026 deadline shall be granted "absent exceptionally good cause shown," and that failure to "file a joint status update by [the March 23] deadline may result in dismissal of the action." ECF No. 36.

The Court has received no submission from the parties.

The Court has discretion to dismiss an action for failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Lewis v. Rawson*, 564 F.3d 569, 575–75 (2d Cir. 2009). Dismissal for failure to prosecute, however, is a "harsh remedy to be utilized only in extreme situations." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citation omitted). The Second Circuit has indicated five factors that trial courts should consider in evaluating whether to dismiss an action for prejudice: (1) whether a "plaintiff's failure to prosecute has caused a delay of significant duration;" (2) whether the Court has notified a plaintiff that further delay would result in dismissal; (3) whether further delay would prejudice the defendant; (4) the balance between the "need to alleviate court calendar congestion" against plaintiff's "right to an opportunity for a day in court"; and (5) "the efficacy of lesser sanctions." *Id.* at 255.

The factors favor dismissal in this case. The first factor is neutral; Plaintiffs' repeated failures have resulted in a modest delay of approximately two months. *See also* ECF Nos. 26, 27 (granting previous *sua sponte* extensions); *see also Yadav v. Brookhaven Nat'l Lab.*, 487 F. App'x 671, 673 (2d Cir. 2012) ("[A] delay of matter of months can potentially warrant dismissal." (internal quotation marks and citation omitted)). The second factor strongly favors dismissal; the Court has informed Plaintiffs at least five times that failure to follow scheduling orders may furnish a basis for dismissal. *See* ECF Nos. 27, 30, 31, 34, 36. The third factor is neutral; nothing in the record suggests that further delay would prejudice Defendants, as the parties are in settlement negotiations. *See* ECF No. 35. The fourth factor favors dismissal; the Court has been required to expend its judicial resources numerous times to grant extensions without Plaintiffs having set forth any basis for the numerous delays. Last, the Court is unaware of any lesser sanctions which could encourage the parties to expediently resolve this case.

The action is dismissed without prejudice. *See* Fed. R. Civ. P. 41(b). The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: April 23, 2026
New York, New York

_____
ANALISA TORRES
United States District Judge

2